## JOHN S. MITCHELL *v.* LIZZIE S. WEBB.

PROBATE COURT. *Jurisdiction. Guardian and Ward.* The Probate Court of Shelby county has no jurisdiction of a bill filed by a guardian to obtain the approval of the court to his act of breaking into the corpus of the ward's estate in the maintainance and education of the ward.

FROM SHELBY.

Appeal from the Probate Court of Shelby county. T. D. ELDRIDGE, J.

JARNAGIN & FRAYSER for complainant.

Mitchell v. Webb.

T. P. WINCHESTER for defendant.

COOPER, J,. delivered the opinion of the court.

John S. Mitchell was the guardian of the defendant, Lizzie S. Webb, and as such has trenched upon the corpus of his ward's estate by expending more than the income in her maintainance and education. He filed this bill in the Probate Court of Shelby county to obtain its approval of his action. The Probate Judge refused the relief prayed, and the guardian appealed.

A preliminary question arises whether the probate court has jurisdiction of such a case. The jurisdiction of the court is fixed by the act of 1870, second session, by which it was created. The second section reads thus:

"The said court shall have original jurisdiction of all matters of probate, the administration of estates and orphans' business, embracing all of the subjects and powers enumerated in and conferred by sections 4201, 4203, 4204, 4205, and 4208 of the Code of Tennessee, and concurrent jurisdiction in the Chancery Court of Shelby county over the persons and estates of idiots, lunatics, and other persons of unsound mind, and of proceedings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or copartners, for the sale of lands at the instance of creditors of the decedents, if the personal property is insufficient to satisfy the debts of the estate and for the allotment of dower, and it

is hereby vested with all the powers of a chancery court touching the matters."

The sections of the Code enumerated in the first part of the paragraph are those sections which relate to the jurisdiction of the county court.

The original jurisdiction "of all matters of probate, the administration of estates and orphans' business, embracing all the subjects and powers" of these sections, extends obviously to the similar jurisdiction of the county courts. The concurrence with the chancery court given by the next clause is limited by the enumeration of particulars, none of which cover the case before us. It is well known that our decisions are not in unison on the rule of equity which should prevail where the guardian applies to have the sanction of the court of the acts already done, when no reason exists or is shown why the court was not applied to in advance. *Beeler* v. *Dunn*, 3 Head, 91; *Hester* v. *Wilkinson*, 6 Hum., 215, 219; *Roseborough* v. *Roseborough*, 3 Baxter, 314. My own inclination has been in favor of the earlier and more stringent rule—*Cohen* v. *Shyer*, 1 Tenn. Ch., 182—and this for the obvious reason that if the application be made in advance the interest of the minor is alone looked to, whereas, if made after the mischief is done, it is the interest of the guardian which is at stake. The issue is completely changed; and, at any rate, the subsequent approval of the act of the guardian in breaking into the corpus of the ward's estate is one of the most delicate and responsible duties which devolves upon a court of chancery. No other court in this State has

any jurisdiction of the subject.    The statute does not confer it upon the Probate Court of Shelby county.

The decree of the court below dismissing the bill is affirmed, with costs.